# In the United States Court of Federal Claims

**Case No. 93-280C**
Filed: October 11, 2006

**FOR PUBLICATION**

* * * * * * * * * * * * * * * * * * * * * * *

FRANK P. SLATTERY, JR., *et. al.*,

*Plaintiffs,*

STEVEN ROTH AND INTERSTATE PROPERTIES,

*Intervenors,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * *

*Winstar*-related case; Motion to Dismiss; RCFC 12(b)(1); Subject Matter Jurisdiction; 12 U.S.C. § 1821(d)(11)(A); FDIC-Receiver

*Thomas M. Buchanan*, Winston & Strawn, LLP, Washington, D.C., for plaintiffs. *Eric W. Bloom* and *Peter K. Dykema*, Winston & Strawn, LLP, Washington, D.C., of counsel.

*Steven W. Thomas,* Sullivan & Cromwell, LLP, Los Angeles, CA for intervenors, *Bradley P. Smith*, and *Robert S. Landy*, Sullivan & Cromwell, LLP, New York, NY, of counsel.

*F. Jefferson Hughes*, with whom were *David M. Cohen*, Director, and *Stuart E. Schiffer*, Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. *Scott D. Austin* and *William G. Kanellis*, Commercial Litigation Branch, of counsel.

**OPINION AND ORDER**

**SMITH, Senior Judge:**

Before the Court is Defendant's Renewed Motion to Dismiss Intervenors' Second Amended Complaint pursuant to United States Court of Federal Claims Rule ("RCFC") 12(b)(1) and RCFC

12(b)(6) in this *Winstar*[1] related case. After reviewing the parties' briefs and after oral argument, the Court hereby GRANTS Defendant's Renewed Motion to Dismiss under RCFC 12(b)(1) and, therefore, need not address Defendant's alternative argument under RCFC 12(b)(6).

## I. BACKGROUND[2] AND PROCEDURAL HISTORY

Meritor Savings Bank ("Meritor") was organized in 1816 under Pennsylvania law as the Philadelphia Savings Fund Society ("PSFS")[3]. Sometime in 1982, the Federal Deposit Insurance Corporation ("FDIC") recognized that it would have to seize and liquidate Western Savings Fund Society of Philadelphia Western ("Western") if it could not find a suitable merger partner. In response to the FDIC's solicitation of proposals to acquire Western in an FDIC-assisted merger, PSFS (Meritor's predecessor-in-interest), and Western submitted a Plan of Merger which was approved by the FDIC. Pursuant to the merger, PSFS entered into a Merger Assistance Agreement ("MAA") with the FDIC. Contemporaneously with the execution of the MAA, the parties also executed a Memorandum of Understanding which allowed PSFS to treat the difference between Western's liabilities and Western's market value as goodwill, and allowed PSFS to amortize that goodwill on a straight-line basis over fifteen years.

In 1992, the FDIC breached the MAA by disallowing the remaining goodwill from inclusion in Meritor's capital calculation[4] which eventually lead to its seizure by the Pennsylvania Secretary of Banking who appointed the FDIC as receiver. The FDIC subsequently sold Meritor's deposits to Mellon Bank for $181.3 million and retained that amount. Steven Roth ("Roth") and Interstate Properties ("Interstate") owned approximately 1.7 million shares of stock in Meritor at the time of its seizure in 1992. In 1993, both Roth and Interstate sold all of their shares in Meritor.

---

[1] See *Winstar Corp. v. United States.*, 518 U.S. 839 (1996).

[2] The background in this matter is limited to the motions filed with regard to Defendant's Renewed Motion to Dismiss the Intervenors' Second Amended Complaint. A full background of this case may be found at *Slattery v. United States*, 53 Fed. Cl. 258 (2002).

[3] In 1983, PSFS converted from a mutual savings bank to a stock savings bank and in 1986 the institution changed its name to Meritor Savings Bank.

[4] The change in the law and regulations that affected Meritor occurred when Congress passed the Federal Deposit Insurance Corporation Improvement Act (FDICIA), Pub.L. No. 102-242, 105 Stat. 2236, which became law on December 19, 1991. The FDICIA set forth new primary capital requirements for federally insured banks. Effective December 19, 1992, the FDIC published a final rule that implemented the requirements of the FDICIA. In that regulation the FDIC interpreted the FDICIA as prohibiting the inclusion of supervisory goodwill in calculating regulatory capital regardless of contractual language to the contrary.

In May, 1993, Frank P. Slattery and LFC No. 1 Corporation ("Plaintiffs") commenced this action alleging breach of contract by the United States ("Defendant"). This initial complaint included Roth and Interstate as Plaintiffs. Sometime in September, 1993, Roth and Interstate sold the entirety of their Meritor stock. Subsequently, Plaintiffs moved to amend their complaint to include as Plaintiffs only those shareholders as of the date of judgment in this action. Plaintiffs' amended complaint, therefore, no longer included Roth and Interstate. Thus, Roth and Interstate moved to intervene in this action and their motion was granted. However, because Roth and Interstate ("Intervenors") were not Plaintiffs, it was determined that their claims would be resolved after the Plaintiffs' claims were decided. *See* Court Order, dated April 24, 1998.

Two opinions have previously been issued in this matter. In its liability opinion, this Court found Defendant liable for breach of contract, *Slattery v. United States*, 53 Fed. Cl. 258 (2002) ["*Slattery I*"], and in its damages opinion the Court awarded $371,733,059 to Plaintiffs. *Slattery v. United States*, 69 Fed. Cl. 573 (2006) ["*Slattery II*"]. After *Slattery II* was issued, and pursuant to the Order dated April 24, 1998, the Intervenors' case was now ripe for decision. Thereafter, Intervenors filed their Second Amended Complaint. Intervenors filed their Second Amended Complaint on behalf of themselves as former shareholders rather than on behalf of Meritor.

Intervenors advance four claims for relief based on several theories in connection with the breach of the MAA. Count one alleges the taking of their property by the FDIC as receiver in violation of the fifth amendment. Count two alleges that FDIC, as receiver, retained for itself Intervenors' proportionate share of a surplus remaining from the $181.3 million received from Mellon Bank after satisfaction of claims as set forth in 12 U.S.C. § 1821(d)(11)(A)[5] causing injury to Intervenors. Count three seeks declaratory judgment that 12 U.S.C. § 1821(d)(11)(A) created an entitlement in Intervenors to a portion of any surplus from the Meritor receivership at the time of Meritor's seizure on December 11, 1992, and further seeks the creation of a constructive trust of

---

[5] 12 U.S.C.S. § 1821(d)(11) Depositor preference.

(A) In general. Subject to section 1815(e)(2)(C) of this title, amounts realized from the liquidation or other resolution of any insured depository institution by any receiver appointed for such institution shall be distributed to pay claims (other than secured claims to the extent of any such security) in the following order of priority:

(i) Administrative expenses of the receiver.

(ii) Any deposit liability of the institution.

(iii) Any other general or senior liability of the institution (which is not a liability described in clause (iv) or (v)).

(iv) Any obligation subordinated to depositors or general creditors (which is not an obligation described in clause (v)).

(v) Any obligation to shareholders or members arising as a result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such company).

their proportionate share of any such surplus. Count four asserts a third party beneficiary claim[6].

Thereafter, Defendant filed its Renewed Motion to Dismiss asserting that the Meritor shareholders did not possess standing as third-party beneficiaries of any contract with the FDIC and that this Court lacks subject matter jurisdiction over Intervenors' claims, as its claims are against the FDIC, and not against the United States. After oral argument and careful review of the pleadings, the Court agrees with Defendant and Intervenors' Amended Complaint must be dismissed.

## II. DISCUSSION

RCFC 12(b)(1) mandates dismissal of a complaint when the court lacks jurisdiction over the subject matter. When deciding motion to dismiss based on a challenge to the jurisdiction of the court, the court must reach its decision based on evidence presented to it by parties, and the burden is on plaintiff to establish jurisdiction. *Rohmann v. United States*, 25 Cl. Ct. 274 (1992). In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true the facts alleged in the complaint and must construe such facts in the light most favorable to the pleader. *Patton v. United States*, 64 Fed. Cl. 768 (2005).

Thus, the first question that must be answered is whether the Court's jurisdiction has been established. In this case, Intervenors base their first three claims for relief upon the FDIC's failure to comply with the depositor preference statute, 12 U.S.C. § 1821(d)(11)(A). Intervenors allege that the FDIC's breach led to the seizure and subsequent liquidation of Meritor and, therefore, the FDIC is required to distribute to shareholders any surplus remaining after payment of claims under this statute, which directs the activities and responsibilities of the FDIC as receiver ("FDIC-Receiver") of failed thrifts. *Id*. Intervenors further argue that the FDIC's failure to provide to Intervenors their proportionate share of the surplus from the $181.3 million constitutes a taking in violation of the fifth Amendment to the United States Constitution. To satisfy the jurisdictional requirement, the Intervenors assert that their claims against the FDIC are claims against the government. *See generally* Sec. Am. Compl.

The Government has moved to dismiss this complaint asserting several jurisdictional barriers. First, the Government asserts that this Court is without jurisdiction to entertain the first three claims for relief because FDIC-Receiver is not the United States, the only proper defendant in this Court; second, that the Intervenors have no standing to seek any surplus under 12 U.S.C. §

---

[6] Count four alleges that the Intervernors are third-party beneficiaries of the MAA between Meritor and the FDIC. It is noted that Intervenors agree that this issue has been decided and advance their own identical claim here merely to preserve any right of appeal from that case. Intervenors' Memorandum In Opposition to Defendant's Motion to Dismiss, filed May 19, 1997, at 7 fn.2; Defendant's Renewed Motion to Dismiss, filed April 24, 2006, at 2 fn.3. This Court has already addressed the third-party beneficiary claim in *Slattery I*. Therefore, for the same reasons as stated in *Slattery I* the Court dismisses Intervenors' fourth count.

1821(d)(11)(A) because of the sale of their stock; third, that the Court lacks jurisdiction for Intervenors' takings claim and statutory violation claim because both allege unauthorized activity on the part of the FDIC in contravention of the statue and, therefore, allege tort claims. Def. Mot. to Dis. 3-4.

Pursuant to the Tucker Act, this court has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491 (2001). It is well settled that the only proper defendant in this Court is the United States. *See*, e.g. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Jurisdiction is confined to money judgments in suits brought against the United States, and if relief is sought against a party other than the United States, the suit must be dismissed as beyond the jurisdiction of the court). Thus, the argument turns on whether the FDIC-Receiver is the United States for purposes of satisfying the jurisdictional requirement. This question has been posed to this Court before and specifically, in its position as FDIC-Receiver, this Court has held:

> Ambase's claim that the FDIC has mismanaged the Carteret receivership is a claim against the FDIC, but for purposes of this litigation this is not a claim against the government. The FDIC is not generally considered to be the government for jurisdictional purposes in *Winstar* litigation . . . . the Federal Circuit, along with this Court, have found the FDIC receiver could intervene *against* the United States. Under prevailing constitutional law, the FDIC receiver therefore cannot *be* the government as well. Thus, this claim between two non-governmental parties would seem to fall outside the jurisdictional limitations of the Tucker Act. (emphasis in original).

*Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796-97 (2004).

In this case, as in *Ambase*, the claims by the Intervenors are against the FDIC-Receiver and not against the United States. As this is also a *Winstar* case, and because this Court has found that the FDIC-Receiver could intervene against the United States in *Winstar* litigation, the FDIC-Receiver cannot *be* the government as well.[7] Therefore, because the Intervenors are alleging injury due to acts by the FDIC-Receiver, and not due to acts by the United States, the relief requested is

[7] This Court denied the FDIC's Motion to File a Brief as an Intervenor in this case at oral argument on June 15, 2006. *See* Order entered on June 20, 2006. The Court, however, specifically denied the motion without prejudice noting that if circumstances changed it would again entertain the FDIC's motion. The Court noted that its denial of the FDIC's motion was largely based on the complications that adding a party would bring at such a late stage in the post-trial phase of this case.

against a defendant other than the United States and the Court must dismiss the action for lack of jurisdiction.[8]

**CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Defendant's Renewed Motion To Dismiss Intervenors' Second Amended Complaint. The Clerk is directed to Dismiss Intervenors' Second Amended Complaint.

**It is so ORDERED.**

s/ Loren A. Smith
LOREN A. SMITH
Senior Judge

[8]As this Court finds that it lacks jurisdiction as to the first three counts, the Government's assertions that Intervenors' claims fail to state a claim because the claims are unripe and that this Court lacks power to grant equitable relief requested need not be addressed.