# In the United States Court of Federal Claims

Case No. 93-280C
Filed: December 18, 2006
FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FRANK P. SLATTERY, JR., *et. al.*, | * | |
| *Plaintiffs,* | * | |
| v. | * | Motion to Reconsider and Motion for Clarification; Damages; Tax Gross Up; Net Receivership Claims |
| THE UNITED STATES, | * | |
| *Defendant.* | * | |

* * * * * * * * * * * * * * * * * * * * * * *

*Thomas M. Buchanan*, Winston & Strawn, LLP, Washington, D.C., for plaintiffs. *Eric W. Bloom* and *Peter K. Dykema*, Winston & Strawn, LLP, Washington, D.C., of counsel.

*Steven W. Thomas*, Sullivan & Cromwell, LLP, Los Angeles, CA for intervenors, *Bradley P. Smith*, and *Robert S. Landy*, Sullivan & Cromwell, LLP, New York, NY, of counsel.

*F. Jefferson Hughes*, with whom were *David M. Cohen*, Director, and *Stuart E. Schiffer*, Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. *Scott D. Austin* and *William G. Kanellis*, Commercial Litigation Branch, of counsel.

## AMENDED ORDER

**SMITH, Senior Judge:**

Before the Court is Defendant's Motion for Reconsideration and for Clarification of the Court Order dated October 11, 2006. After careful review, the Court hereby DENIES Defendant's Motion for Reconsideration and GRANTS Defendant's Motion for Clarification. The Court hereby hereby AMENDS its previous Final Order dated October 11, 2006 as follows:

2. The 371,733.059 shall be paid net of any receivership claims. This payment is to be paid outside the statutory distribution scheme as advanced by the Government in 12 U.S.C. § 1821(d)(11). This award is based on basic common law contract damage. The Government caused

Meritor to be forced into receivership which it would otherwise not have been forced into and it is well settled that a breaching party has to put the party in the same position as it would have been but for the breach. Therefore, the Government is liable for any receivership deficit.

3. In light of the Federal Circuit's ruling in *Home Savings of America, FSB v. United States*, 399 F.3d 1341 (2005), a tax gross up is appropriate because the damages award compensates Plaintiffs for the market capitalization of "lost monies that would not have been taxable." 399 F.3d at 1356. However, because the receivership's tax liability on the damages award is unknown at this time, it is appropriate for Plaintiffs to file a Rule 60(b)(6) motion if the receivership ultimately pays taxes. The Court notes the illogical nature underlying a tax assessment in this context. If the Government assesses taxes on Plaintiffs' award, the Court will ultimately return the tax assessment amount to Plaintiffs in the form of a tax gross up. If logic and pure commonsense governed, it would make far greater sense for the Government to simply not tax Plaintiffs. This, however, is a matter outside the province of the Court.

The Court hereby **STRIKES** footnote #2 in its entirety and it is replaced with the following:

The Court hereby **DISMISSES as MOOT Count II** in light of its decision that the FDIC breached the 1982 MOU when it forced Meritor to enter the 1991 Written Agreement after satisfying the terms of the 1988 MOU.

The Clerk is directed to issue an amended judgment accordingly.

**IT IS SO ORDERED.**

s /Loren A. Smith
LOREN A. SMITH
Senior Judge