IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **FRANK P. SLATTERY, JR.,** *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**THE UNITED STATES,**<br><br>　　　　Defendant. | **Civil Action No. 93-280 C**<br>(Loren A. Smith, Senior Judge)<br><br>December 15, 2011 |

## FINAL ORDER

　　1.　　Pursuant to the Court's Published Opinion and Order dated November 18, 2011, and Order dated December 1, 2011, Intervenors' Steven Roth and Interstate Properties ("Intervenors") Second Amended Complaint is **DISMISSED.**

　　2.　　Pursuant to the Court's decisions in this matter dated August 14, 2002 and February 10, 2006, and in light of the decisions of the three-judge Panel of the Federal Circuit, *Slattery v. United States*, 583 F.3d 800, 829 (Fed. Cir. 2010), and of the *en banc* Panel, *Slattery v. United States*, 635 F.3d 1298, 1321 (Fed. Cir. 2011), this Court awards Plaintiffs Frank P. Slattery, *et al*. ("Plaintiffs"), acting derivatively on behalf of the Federal Deposit Insurance Corporation, as receiver for Meritor Savings Bank (the "Receiver"), TWO HUNDRED SEVENTY-SIX MILLION DOLLARS AND NO CENTS ($276 million) in damages from the Defendant, which sum is to be deposited with the Receiver.

　　3.　　Out of the $276 million, the Receiver shall pay the common fund litigation costs and attorneys' fees hereby approved by the Court as set forth on attachment A to this Order to Winston & Strawn LLP, which shall thereafter promptly make arrangements to further distribute the monies in accordance with Attachment A.  The Court specifically approves and awards Winston & Strawn LLP ("Winston") $23,990,252 attorneys' fees to be recovered as part of the common fund costs, as set forth in Attachment A.  In so doing, the Court notes that there has been no objection to the request for fees from any person with standing to do so.  In awarding such fees, the Court specifically has considered the complexity of the case (as evidenced by the

split decisions in both the panel and *en banc* decisions of the Court of Appeals), the serious risk of nonpayment assumed by the law firm in the event of an eventual adverse decision, the unusual duration of the action (nearly 19 years), the quality of counsel and the degree of success. The Court also has considered the Declarations of Robert A. Clifford and Michael D. Hausfield and finds that the percentage fee to be awarded to Winston is well in line—and indeed compares favorably—with other contingency fee cases.

   4. At its December 1, 2011 hearing, the Court held that current shareholders should be paid without waiting for the finalization of any appeal by Intervenors, and directed the Plaintiffs, Defendant and the Receiver to propose a plan for distribution to current Meritor shareholders before the finalization of any such appeal. Although the Defendant and Receiver do not concede that such a Court-ordered distribution is within the jurisdiction of this Court or may properly be ordered before finality of any appeals, and reserve the right to appeal the Court's order that the judgment for $276 million be paid to the Receiver and that the Receiver must make a distribution to current shareholders before the finalization of any appeals, to comply with the Court's order, and for purposes of complying with the rulings of the Court of Appeals and this Court under the facts peculiar to this case, the Receiver and Plaintiffs have agreed to, and the Court expects, the following procedures for distribution to be followed if there is no stay of the Court's order that the Receiver must, to the extent reasonably practicable, begin making distribution before the finalization of any appeal:

- The Receiver will, upon receipt of the judgment award, place the judgment funds in an interest-bearing account.
- The Receiver will pay $18,316,445 of the common fund expenses awarded by the Court as set forth on attachment A hereto promptly, and no later than 30 days after the receipt of the funds. The remainder of the common fund expenses ($14,000,000) will be paid not before February 7, 2012 and not later than February 21, 2012.
- The Receiver will pay individual shareholders who do not own their shares through the Depositary Trust Corporation ("DTC") their pro rata share of the entire amount of the $276 million judgment (minus the common fund expenses set forth in Attachment A to this Order).

- Out of the funds to be distributed for the shares owned through DTC, the Receiver will set aside an escrow for SEVEN MILLION SIX HUNDRED AND TWENTY-SIX THOUSAND THREE HUNDRED AND EIGHTY-SEVEN DOLLARS AND SIXTY CENTS ($7,626,387.60).  The remainder of the funds will be paid to DTC, for distribution to the current shareholders who own through DTC.
- The escrow amount (and accrued interest) shall be distributed, in whole or in part, if at all, to Intervenors in accordance with any final decision, after all appeals, if any, are exhausted.  To the extent the Intervenors are ultimately denied any recovery or are awarded less than the amount set aside on their behalf, any remaining funds of the $7,626,387.60 in escrow will promptly be distributed to DTC, for pro rata distribution to the current shareholders who own through DTC.
- The Receiver will take all reasonable measures to ensure prompt and timely distribution of the judgment proceeds to Meritor's current shareholders according to the procedures described above.  Plaintiffs agree and the Court holds that the Receiver is not responsible for how promptly DTC will distribute to brokers, and brokers to their customers who are the beneficial owners of shares.  Distribution to DTC shall constitute full satisfaction of any obligations of the Receiver to current shareholders for whom shares are held through DTC.
- As previously ordered by the Court and affirmed by the Federal Circuit's 2010 decision, the Receiver will not make any deductions of any kind whatsoever for debts or potential debts owed to any creditors or potential creditors with higher priority whose claims are, or could be, part of the receivership deficit.
- On or around March 15, 2011, Plaintiffs and the Receiver will advise this Court in writing of the progress of the distribution.  At that point or thereafter, this Court will seek to accommodate requests for a conference call or further status hearing as appropriate.

    5.    The Plaintiffs stipulate that they release all claims arising from or relating to this action, and from any further obligation or liability arising from or relating to: (1) the breach of contract found by this Court; (2) the Meritor receivership; (3) payment of the judgment by Defendant to the Receiver prior to final adjudication of any appeal by the Intervenors, or (4) any

distribution by the Receiver, including but not limited to the general procedures outlined and approved in this Order, whether asserted or not against the Defendant United States including the FDIC in its corporate capacity upon depositing the $276 million with the Receiver. Defendant shall not be required to make payment to the Receiver until Plaintiffs execute a release satisfactory to Defendant.

6. Because the United States and FDIC in its corporate capacity shall not, under any circumstance, be liable in excess of the $276 million awarded under this Final Order, upon payment of the $276 million to the Receiver for further distribution as set forth in this Order, the United States and FDIC in its corporate capacity shall be and are hereby discharged and released from any liability to Plaintiffs arising from or relating to this action, and from any further obligation or liability arising from or relating to: (1) the breach of contract found by this Court: (2) the Meritor receivership; (3) payment of the judgment by Defendant to the Receiver prior to final adjudication of any appeal by the Intervenors, or (4) any distribution by the Receiver, including but not limited to the general procedures outlined and approved in this Order.

7. Upon satisfaction of the terms of this Order, the FDIC in its Receivership capacity shall be and is hereby discharged and released from any further obligations arising from or relating to this action.

8. In the event any party should appeal this Order or appeal any further Order of the Court that could have the effect of delaying the distribution of the judgment proceeds to the many shareholders of Meritor, this Court—in light of the unique circumstances of this case and its duration—encourages the parties to seek an expedited appeal and resolution. This Court also finds that an expedited appeal would serve the interest of justice.

9. The entry of this order does not terminate any jurisdiction that this Court possesses to ensure the satisfaction of this judgment and the appropriate and prompt distribution of the judgment funds.

10. The Clerk is directed to enter judgment accordingly.

/s/Loren A. Smith
Loren A. Smith, Senior Judge
United States Court of Federal Claims

DC:695522.2

**Attachment A**

**Litigation Investors**

| Payor | Initial Value | Interest | Value as of 10/31/11 |
|---|---|---|---|
| A. Siemens | $3,000 | $3,207 | $6,207 |
| Analysis Group | $233,949 | $120,020 | $353,969 |
| Ariel Management Corporation | $20,000 | $23,064 | $43,064 |
| Cornerstone Research | $385,975 | $199,046 | $585,021 |
| Davis, Christopher J. | $100,000 | $11,850 | $111,850 |
| Deltec Asset Management | $200,000 | $207,240 | $407,240 |
| Fallen Angels Limited Partnership | $380,085 | $318,284 | $698,369 |
| Gabriel Capital Corporation | $25,000 | $26,204 | $51,204 |
| Resurrection Partners LLC | $250,000 | $129,515 | $379,515 |
| Hitschler, Anthony W. | $100,000 | $16,308 | $116,308 |
| Hoffman, Burt | $30,000 | $13,071 | $43,071 |
| Keefe Managers, Inc. | $25,000 | $36,186 | $61,186 |
| Korman, Steve H. | $50,317 | $68,233 | $118,550 |
| LCLR | $40,000 | $1,394 | $41,394 |
| Liem, Gie | $15,000 | $524 | $15,524 |
| Liem, Lisa | $15,000 | $524 | $15,524 |
| Martha & Wistar Morris (Eleventh Generation) | $150,000 | $76,769 | $226,769 |
| Morgens Waterfall | $450,000 | $364,383 | $814,383 |
| Salter, Dennis | $100,000 | $47,618 | $147,618 |
| Scattergood, Harold | $15,000 | $523 | $15,523 |
| Sherrerd, John | $125,000 | $65,657 | $190,657 |
| Slattery, Frank P. Jr. | $2,149,827 | $1,578,569 | $3,728,396 |
| Steve Roth/Interstate Properties | $50,000 | $104,850 | $154,850 |
| **Total for Litigation Investors and Experts (with interest through 10/31/11)** | **$4,913,153** | **$3,413,040** | **$8,326,193** |

**Winston & Strawn:**  Contingency Fee              $23,850,000
                     Accrued Additional Fees         $140,252

              **Winston Total**                  **$23,990,252**

**Overall Total:**                              **$32,316,445**